IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,        )
                                 )    2:09-cr-00170-GEB
          Plaintiff,             )
                                 )
     v.                          )    ORDER
                                 )
ROBERT L. CARR, THERESA ANN      )
CARR,                            )
                                 )
          Defendants.            )
_____)
```

This action was scheduled to proceed with sentencing on March 15, 2013. Relevant procedural history is recounted to provide necessary background for the instant order.

**A. Procedural History**

On February 17, 2012, Defendant Robert Carr entered guilty pleas to Counts 1, 2, and 69 of the Superseding Indictment pursuant to a conditional plea agreement, and sentencing was scheduled for May 18, 2012. (See ECF Nos. 52, 55.) However, at the start of the May 18, 2012 hearing, Mr. Carr's former counsel stated as follows:

> Your Honor, this morning Robert Carr, pursuant to Rule 11(d)(2)(B), would like to withdraw the guilty pleas that he entered on February 17th of this year. He cannot afford a private attorney to file the motion for him. He's informed me he would like a different appointed lawyer to help him file the motion to withdraw the pleas to Counts 1, 2 and 69. He would like that new attorney to review the work I did for him, to review the advice that I gave him concerning trial and plea agreement

> issues, and to determine if Mr. Carr can show a fair and just reason for requesting the plea withdrawal.

(Rep. Tr. of May 18, 2012 Proceedings 1:18-2:3, ECF No. 65.) An in camera hearing was held on May 18, 2012 ("in camera hearing") in connection with Mr. Carr's request for new counsel, and Mr. Carr's request for new counsel was granted. (Id. at 6:18-7:3.) Jan Karowsky was substituted as Mr. Carr's counsel on May 30, 2012. (ECF No. 62.)

On July 24, 2012, Mr. Carr filed a "Notice of Motion and Motion to Withdraw Guilty Pleas," in which he states:

> This motion will be based upon a Memorandum of Points And Authorities, to be filed if Robert Carr chooses to proceed with the instant motion to withdraw his pleas, the court records and pleadings, and on any evidence and argument that may be presented to the Court at the hearing.

(ECF No. 71.) No memorandum of points and authorities was ever filed in connection with that notice of motion, and the motion was never noticed for hearing.[1]

A status conference was held on October 5, 2012, during which sentencing was scheduled for December 21, 2012. (ECF No. 74.) On December 10, 2012, the parties filed a "Stipulation to Continue Sentencing and Establish New PSR Disclosure Schedule," in which they state in part:

> On February 17, 2012, Robert Carr and Theresa Carr, respectively, entered pleas of guilty, pursuant to written plea agreements with sentencing set for May 18, 2012. On May 18, 2012, Robert Carr appeared in Court and requested new counsel.
>
> Thereafter, on May 30, 2012, new counsel was appointed to represent him – attorney Jan Karowsky – in order to advise him relative to the

---

[1] As explained *infra*, Mr. Carr verbally withdrew this motion at the status conference held on October 5, 2012.

2

>             possibility of moving to withdraw his guilty plea.
>             Sentencing was again continued until October [5],
>             2012, at which time, Mr. Carr reaffirmed his plea
>             of guilty and sentencing was set for December 21,
>             2012.
>
>             . . . . [T]he sentencing date . . . cannot be met.
>             Therefore, after consulting all parties, we are
>             requesting the Court continue the Sentencing
>             Hearing now set for December 21, 2012 at 9:00 a.m.
>             to the date of January 25, 2013 at 9:00 a.m.

(ECF No. 75, 1:20-2:13.) At the January 25, 2013 hearing, sentencing was continued to February 8, 2013. (ECF No. 77.)

On February 6, 2013, Mr. Carr filed a "Memorandum" in which he "ask[s] the Court to invalidate Mr. Carr's guilty plea based on constitutional invalidity." (Robert Carr's Mem., ECF No. 78.) Mr. Carr states in the Memorandum: "[b]ased on the [sealed] transcript of the . . . *in camera* hearing [("sealed transcript")] . . . , [h]e believe[s] the plea is not constitutionally valid." (Id.) The February 6, 2013 Memorandum was not accompanied by a notice of motion, memorandum of points and authorities, or other supporting documentation.

In light of Mr. Carr's February 6, 2013 filing, in which he relied on a sealed transcript to support a motion made on the public docket, the Court issued a lengthy minute order on February 7, 2013, which ordered Mr. Carr to show cause ("OSC") why certain portions of the sealed transcript should not be made public. (ECF No. 79.) A briefing schedule concerning the OSC was established at the court proceeding held on February 8, 2013, and a further status conference was scheduled for March 15, 2013. (ECF No. 80.)

Mr. Carr filed a response to the OSC on February 21, 2013, in which he "object[ed] to having any portion of the [sealed] transcript . . . filed on the public docket . . . ." (Robert Carr's Resp. to OSC 1:24-25, ECF No. 81.) In essence, Mr. Carr argued that

certain portions of the sealed transcript reference confidential attorney-client communications between Mr. Carr and his former counsel, and other portions "arguably [constitute] incriminating statements." (Id. at 2:9-3:2.) Mr. Carr also indicated in his response that making portions of the sealed transcript public "unnecessarily exposes the Defendant's confidential communications and it exposes him to the possibility of criminal prosecution, both of which he was promised at the *in camera* hearing would not occur." (Id. at 2:23-3:2.)

A second OSC was filed on February 22, 2013, which directed Mr. Carr to file a document "on the public docket no later than . . . February 27, 2013, [identifying] the page(s) and lines in the sealed transcript . . . that supports" the following statement in his February 21, 2013 Response: "both of which he was promised at the in camera hearing would not occur." (ECF No. 82, 1:13-19 (internal quotation marks omitted).) The February 22, 2013 OSC also provided Mr. Carr a further opportunity to show cause why certain portions of the sealed transcript should not be made public, in light of the fact that Mr. Carr based his February 6, 2013 Memorandum, which "ask[s] the Court to invalidate [his] guilty plea[,]" on the sealed transcript. (Id. at 1:19-3:3.)

Mr. Carr filed a Response to the second OSC on February 27, 2013, which states in full: "Robert Carr relies on the sealed transcript of the in camera hearing held on May 18, 2012, at 6:24 – 7:7 to support the statement in Mr. Carr's response on February 21, 2013 that '. . . both of which he was promised at the in camera hearing would not occur.'" (Robert Carr's Resp. to Second OSC, ECF No. 83.)

Since Mr. Carr did not provide sufficient justification to keep private the identified portions of the sealed transcript, redacted

copies of the sealed transcript were filed on March 6, 2013 and March 7, 2013. (See ECF Nos. 84, 85.)

Thereafter, in preparation for the March 15, 2013 proceeding scheduled in this case, the Court reviewed the public docket to determine its status. During that review, the Court saw that Mr. Carr's July 24, 2012 "Notice of Motion to Withdraw Guilty Pleas" appeared to be outstanding. Further, the Court had not yet ruled on Mr. Carr's February 6, 2013, informal request "to invalidate Mr. Carr's guilty plea based on constitutional invalidity." Therefore, an order was filed on March 14, 2013, denying these filings on the grounds that they did not comply with Federal Rule of Criminal Procedure 47 and Local Rule 430.1. (ECF No. 86.)

Upon reflection, the Court now recalls that during the October 5, 2012 status conference, Mr. Carr verbally withdrew his July 24, 2012 "Notice of Motion to Withdraw Guilty Pleas" and indicated that the case should proceed with sentencing. However, the docket did not reflect Mr. Carr's oral withdrawal. Therefore, the portion of the March 14, 2013 order which denied Mr. Carr's July 24, 2012 filing was unnecessary and is null.

The March 14, 2013 order also scheduled sentencing to commence at 9:00 a.m. on March 15, 2013.

**B.  Defendant Robert Carr's Current Intended Motion to Withdraw Guilty Pleas**

On March 14, 2013, Defendant Robert Carr filed a "Memorandum" in which he states, in relevant part, as follows:

> It is the defense's position that Mr. Carr did not have a formal motion to withdraw his guilty pleas on file; did not know such a motion was to have been on file at this time; and in fact, had conversations with AUSA Samuel Wong as late as this morning, March 14, 2013, agreeing to a briefing

>     schedule for the defense to file such a motion and
>     the government to respond.
>
>     We believe that to proceed to sentencing on
>     March 15, 2013 will deny Mr. Carr the fundamental
>     right to bring such a motion to withdraw his guilty
>     pleas; will deny him due process of law by denying
>     him the right to formally bring such a motion; and
>     will be fundamentally unfair to him.
>
>     We ask that tomorrow a briefing schedule be
>     set to allow Mr. Carr time to file a formal motion
>     to withdraw his guilty pleas based on actual
>     innocence and constitutionally defective guilty
>     pleas.

(ECF No. 87.)

In light of Mr. Carr's March 14, 2013 Memorandum, and the inconsistent positions Mr. Carr has taken in this action concerning his desire to withdraw his pleas, the Court discussed with the parties during the March 15, 2013 hearing their current positions on this issue. Mr. Carr stated his desire to file a noticed motion to withdraw his guilty pleas.

The government responded with its position, raised for the first time, that Mr. Carr has waived his right to move to withdraw his plea. It is incomprehensible to the Court why the government did not file a writing prior to the March 15, 2013 hearing setting forth this contention, especially in light of the fact that Mr. Carr renewed his desire to withdraw his pleas in his Memorandum filed on February 6, 2013.

The government also indicated that it intends to oppose Mr. Carr's motion on the merits, if its waiver argument is unsuccessful.

In light of the amount of time that this case has been pending, Mr. Carr's inconsistent positions on whether he desires to move to withdraw his pleas, and the government's failure to timely apprise

the Court of its position concerning Mr. Carr's intended motion, the following briefing and hearing schedules issue:

**1) Motion to Withdraw Pleas**

If Mr. Carr intends to move to withdraw his pleas, such motion shall be filed no later than March 29, 2013;

Any opposition to Mr. Carr's motion shall be filed no later than April 12, 2013; and

Any reply regarding Mr. Carr's motion shall be filed no later than April 26, 2013.

**2) Government's Waiver Argument**

The government shall file its brief concerning whether Mr. Carr has waived his right to move to withdraw his plea no later than March 29, 2013;

Any opposition to the government's brief shall be filed no later than April 12, 2013; and

Any reply shall be filed no later than April 19, 2013.

If Mr. Carr fails to file a motion to withdraw his pleas by the above-referenced deadline, sentencing is scheduled to commence at 9:00 a.m. on April 26, 2013; if Mr. Carr timely files a motion to withdraw his pleas, the two referenced matters are scheduled for hearing on April 26, 2013.

Dated: March 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge